IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDY G. DIVELY,                )
                                )
            Plaintiff,           )
                                )
      v.                         ) Civil Action No. 10-170J
                                )
MICHAEL J. ASTRUE,               )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                )
            Defendant.           )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 12th day of April, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for supplemental security income on April 19, 2007, with a disability onset date of April 19, 2007, due to a back impairment and pain. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on December 2, 2008, at which plaintiff, represented by counsel, appeared and testified. On December 30, 2008, the ALJ issued a decision finding that plaintiff is not disabled. On April 30, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 44 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). He has a high school equivalent education and has past relevant work experience as a bartender and laborer. However, plaintiff has not engaged in any substantial gainful activity since the date he filed his application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of lumbar and

cervical degenerative disc disease with lumbar radiculopathy and right peroneal neuropathy and chronic pain syndrome, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P. In addition, the ALJ found that plaintiff's attention deficit hyperactivity disorder (ADHD) and history of drug and alcohol abuse are not severe impairments.

The ALJ also found that plaintiff retains the residual functional capacity to perform sedentary work but with certain restrictions recognizing the limiting effects of his impairments. (R. 13-14). A vocational expert then identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including labeler, laminator, plastic design applier and gauger. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind

of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises numerous challenges to the ALJ's findings: (1) the ALJ erred at step 2 by finding that plaintiff's ADHD is not a severe impairment; (2) the ALJ erred at step 3 by finding that plaintiff's impairments do not meet the criteria of any of the listed impairments; (3) the ALJ improperly evaluated plaintiff's credibility; (4) the ALJ's residual functional capacity finding and hypothetical to the vocational expert failed to account for all of plaintiff's impairments and limitations; and, (5) in assessing plaintiff's residual functional capacity the

---

[1] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

ALJ failed to consider all of plaintiff's impairments in combination. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff first challenges the ALJ's step 2 finding that his ADHD is not a severe impairment. At step two, the ALJ must determine whether a claimant's impairments are severe as defined by the Act. 20 C.F.R. §416.920. "[An] impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §416.920(a). The step two inquiry is a de minimus screening device and, if the evidence presents more than a slight abnormality, the step two requirement of severity is met and the sequential evaluation process should continue. Newell, 347 F.3d at 546.

Although "[r]easonable doubts on severity are to be resolved in favor of the claimant," Newell, 347 F.3d at 547, the ALJ concluded in this case that plaintiff's ADHD does not have more than a *de minimus* effect on plaintiff's ability to perform basic work activities and, therefore, is not a severe impairment. (R. 12). The ALJ noted that the medical records indicate normal psychological examinations and that plaintiff engages in a range of daily activities "from a mental standpoint." Based on the lack of objective findings and plaintiff's daily activities, the ALJ concluded that plaintiff's ADHD has no more than a minimal impact on his ability to perform basic work activities. The medical

AO 72
(Rev. 8/82)

evidence as outlined in the ALJ's decision supports the ALJ's step 2 conclusion.

The plaintiff bears the burden at step 2 of establishing that an impairment is severe. See, McCrea v. Commissioner of Social Security, 370 F.3d 357, 360 (3rd Cir. 2004). Although not exacting, plaintiff's burden here was to show that ADHD resulted in more than a *de minimus* effect on his ability to perform basic work functions. Instead, all plaintiff relies upon is a diagnosis of ADHD. However, it is well settled that disability is not determined merely by the presence of an impairment, but by the effect that impairment has upon the individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Here, plaintiff failed to meet his burden of showing that ADHD resulted in any specific work-related limitations.

It also is important to note that the ALJ did not deny plaintiff's claim for benefits at step 2. Instead, he considered the impact of all of plaintiff's medically determinable impairments, severe and not severe, on plaintiff's residual functional capacity and found plaintiff not disabled at step 5. Accordingly, the ALJ's finding that plaintiff's ADHD is not severe not only is supported by substantial evidence but also had no effect on the ultimate determination of non-disability. Cf., McCrea v. Commissioner of Social Security, 370 F.3d 357, 360-61 (3rd Cir. 2004) (the Commissioner's determination to deny an applicant's request for benefits at step 2 "should be reviewed

with close scrutiny" because step 2 "is to be rarely utilized as a basis for the denial of benefits".)

Plaintiff's next argument is that the ALJ erred at step 3 by finding that plaintiff's impairments do not meet or equal any of the listings for musculoskeletal impairments, neurological impairments or mental impairments. Upon review, the court is satisfied that the ALJ's step 3 finding also is supported by substantial evidence.

At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, as required, the ALJ identified the relevant listed impairments corresponding to plaintiff's severe impairments and adequately explained why plaintiff's severe impairments do not meet or equal any of those listings. (R. 13); see Burnett, 220 F.3d at 120, n.2. Specifically, the ALJ considered plaintiff's back impairment under Listing 1.04 and his neurological impairment under Listing 11.14, and, in light of the medical evidence of record, concluded that the evidence fails to support a finding

that any of plaintiff's impairments, alone or in combination, meet any listed impairment.[2]

Moreover, plaintiff has failed to meet his burden of presenting any medical findings to either the ALJ or to this court showing that any of his impairments meet or equal any of the listings. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). Instead, plaintiff summarily states that the ALJ erred in finding that he failed to meet any listing without pointing to any evidence in the record that would support such a finding. To the contrary, substantial evidence supports the ALJ's step 3 finding that none of the listings have been met.

Plaintiff next challenges the ALJ's finding that plaintiff retains the residual functional capacity to perform less than the full range of sedentary work. Upon review, the court is satisfied that the ALJ's residual functional capacity finding also is supported by substantial evidence.

At step 5 of the sequential evaluation process, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(f).

---

[2] Because the ALJ properly found that plaintiff's ADHD was not a severe impairment, it was unnecessary for him to analyze that impairment under the listings for mental impairments at 12.00 et seq., and there is no evidence in the record that plaintiff suffers from any other severe mental impairment. To the extent plaintiff contends the ALJ did not consider ADHD in combination with his other impairments at each step of the sequential evaluation process, that argument is addressed below.

Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a); Fargnoli, 247 F.3d at 40.

Here, in rendering his residual functional capacity finding, the ALJ adequately considered all of the relevant medical evidence, as well as plaintiff's reported activities, and incorporated into his finding those limitations that reasonably could be supported by the medical and other relevant evidence. This finding is supported by substantial evidence.

The court also is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations in arriving at his residual functional capacity finding.[3] In assessing plaintiff's credibility, the ALJ did consider plaintiff's subjective complaints, but he also considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record. In doing so, the ALJ found plaintiff's subjective complaints of debilitating pain and limitations inconsistent with the totality of the evidence. (R. 14-16). The ALJ adhered to the standards set forth in 20 C.F.R. §416.929(c) and SSR 96-7p and thoroughly explained his credibility finding in his decision. That finding is supported by substantial evidence.

---

[3] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

The court likewise finds no merit to plaintiff's contention that the ALJ's hypothetical to the vocational expert failed to account for all of the limitations substantiated by the evidence. A hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984). Here, the ALJ properly relied upon the vocational expert's response to a hypothetical which accounted for all of plaintiff's impairments and limitations supported by the record, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's finding that plaintiff retains the ability to perform work existing in significant numbers in the national economy.

Moreover, the more restrictive limitations advanced by plaintiff simply were not supported by any objective medical evidence. As a hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a response to a hypothetical incorporating limitations not supported by the medical evidence. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence).

Finally, to the extent plaintiff argues that the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, both severe and non-severe, in assessing plaintiff's

residual functional capacity, the record also fails to support that position. The ALJ specifically noted in his decision that he considered all of plaintiff's impairments in combination at steps 2, 3 and 5 of the sequential evaluation process and his findings demonstrate that he did just that. The court is satisfied that the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination, and that the ALJ's residual functional capacity assessment is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                                            */s/ Gustave Diamond*
                                                            Gustave Diamond
                                                            United States District Judge

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard, Suite B
    Altoona, PA 16602

    John J. Valkovci
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901